NIGHT BOX FILED
FEB 11 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No. 0-06164 CIV-LENARD

MAGISTRATE JUDGE TURNOFF

UNITED STATES OF AMERICA

    Plaintiff

vs.

HENRY C. FERGUSON

    Defendant

_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $8611.35, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $3300.4, plus interest thereafter on this principal from January 11, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $6.71. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $11,918.46, plus interest at 8.00 percent per annum on the principal amount of $8611.35, from January 11, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 30 day of JANUARY, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL  33132-2111
Tel No. (305)961-9311
Fax No. (305)530-7195

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Henry C. Ferguson
338 SW 1St Terr.
Deerfield, FL. 33441

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/09/99.

On or about 10/10/90, 03/01/91 and 08/20/91, the borrower executed promissory note(s) to secure loan(s) of $4,000.00, $1,700.00 and $4,000.00 from Mellon Bank (East) PSFS N.A., Harrisburg, PA. at 8.00 percent interest per annum. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/25/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,611.35 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/26/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---:|
| Principal: | $8,611.35 |
| Interest: | $2,666.35 |
| Administrative/Collection Costs: | $0.00 |
| Late fees: | $6.71 |
| Total debt as of 02/09/99: | $11,284.41 |

Interest accrues on the principal shown here at the rate of $1.89 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2-09-99    Name: [signature]
Title: LOAN ANALYST
Branch: LITIGATION BRANCH


GOVERNMENT EXHIBIT A

# PHEAA STAFFORD LOAN APPLICATION

The Pennsylvania Higher Education Assistance Agency — Commonwealth of Pennsylvania
Loan Guaranty Division, 660 Boas Street, Harrisburg, Pennsylvania 17102-1398

THE PENALTY FOR SUBMISSION OF FRAUDULENT INFORMATION ON THIS FORM MAY BE REPAYMENT OF TRIPLE ANY AMOUNT OF MONEY RECEIVED PLUS A FINE AND/OR IMPRISONMENT

Agency Use Only: 91002130   DEC 10 19   JAN 09 199

**STUDENT INFORMATION** — PRESS FIRMLY WITH BALL-POINT PEN — READ INSTRUCTIONS BEFORE COMPLETING

1. Student's Social Security Number: 210 66 7951
2. Student's First Name: Henry  M.I.: C  Last Name: Ferguson
3. Student's Birthdate: Month 08 Day 27 Year 70
4. Permanent Home Address: 5458 Arlington St  Apt. No.: 407836
5. Area Code-Phone No. for Item 4: 215 877 1382  City: Philadelphia  State: PA  Zip Code: 19191
6. County Code: 51
7. Driver's License: State / No.
8. Student's State of Permanent Residence: (a) State: PA  (b) Since: Month 04 Year 87
9. Student's Citizenship Status: (checked)
10A. Major Course of Study Code: 06
10B. Expected Date of Completion of Program: Month 05 Year 92
13. Are you currently in default on a student loan or a PLUS loan? No (checked)
14. Period of Enrollment Covered by this Loan Application: Beginning 09/90  Ending 05/91
15. Loan Amount Requested: $4000.00
16A. Total unpaid balance of all your Stafford Loans (GSL's): $0000.00
16B. Total unpaid balance of all your PLUS/SLS loans: $0000.00
16C. Do you have Stafford Loans (GSL's) through an AGENCY OTHER THAN PHEAA? No (checked)

17. References:

| Name | Street, City, State, Zip | Area Code/Phone No. |
|---|---|---|
| Shelia Warner | 5114 Chester Avenue Phil PA 19143 | 215-729-6382 |
| Walter Howard | 5542 Bel Mar Terrace Phil PA 19143 | 215-729-420_ |

18. School Code: 012061  School Name: Temple University  School Division or Campus: Main Campus  City or Town: Philadelphia

19. Student's Statement of Registration Status: B. I certify that I am registered with Selective Service. (checked)

20. Do you want PHEAA to send you information about the Student Loan Consolidation Program? No

**Promissory Note for a Stafford Loan**

I. PROMISE TO PAY: I, the undersigned (the student borrower), identified in Item 2 of the Application, for value received, promise to pay to the order of the Lender or to a subsequent holder the principal sum equal to the Loan Amount Requested in Item 15 of the Application, which is hereby incorporated by reference in this Promissory Note, or any such lesser amount which is advanced to me and identified to me in the Loan Guaranty Notice and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph V. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE LOAN GUARANTY NOTICE DISCLOSURE STATEMENT, AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF. MY SIGNATURE CERTIFIES THAT I HAVE READ, UNDERSTOOD, AGREED TO THE CONDITIONS AND AUTHORIZATIONS STATED IN THE STAFFORD LOAN BORROWER CERTIFICATION PRINTED ON THE REVERSE SIDE.

SIGN HERE: Henry C. Ferguson  10/10
21. Student Borrower's Signature

Lender Name and Address: Mellon Bank East, P.O. Box 8750, Phila PA 19101  Lender Code: B08903

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side. Detach and Keep Copy C. Send Copies A and B to your lender at the address shown to left.

PHEAA FORM F200, 1/89

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STAFFORD LOAN

**II. INTEREST:** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program (formerly GSLP). In the event that the interest on this loan is payable by the Secretary, neither the Lender nor the holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan; except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment, Paragraph VIII, in this Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan (formerly GSL) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loans (formerly GSL's). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding Stafford Loans (formerly GSL's), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding Stafford Loans (formerly GSL's) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) loans made for enrollment period(s) beginning before that date, or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any Stafford Loan (formerly GSL), PLUS, or SLS loan(s) made for enrollment period(s) beginning before that date or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment period and will be 10% beginning with the fifth year of my repayment period. (5) The applicable interest rate (a) until the end of the fourth year of my repayment period, and (b) beginning with the fifth year of my repayment period, will be identified on the Loan Guaranty Notice and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The Lender or other holder of this Note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with PHEAA's policies.

**III. DATE NOTE COMES DUE:** I will repay this loan: (1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or (2) in full immediately if I fail to enroll in and attend the school which certifies my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at least one-half the normal full-time academic work load required by a school approved by the U.S. Secretary of Education for participation in the Stafford Loan Program (formerly GSLP). The Loan Guaranty Notice and Disclosure Statement will identify the length of my grace period. During the grace period, I may request in writing that the grace period be shortened and the repayment period begin earlier.

**IV. ORIGINATION FEE AND INSURANCE PREMIUM:** I will pay to the Lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. I will also pay the Lender an amount equal to the insurance premium that the Lender is required to pay to PHEAA for this loan. The Lender will deduct the origination fee and insurance premium proportionately from each disbursement of principal of this loan. The amount of the origination fee and insurance premium will be disclosed to me on the Loan Guaranty Notice and Disclosure Statement.

**V. LATE CHARGES AND COLLECTION COSTS:** I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default: (1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Paragraph VIII in this Note. (2) Reasonable collection costs incurred by the Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls. (3) Collection costs which do not exceed 25% of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VI. PREPAYMENT:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest I have paid.

**VII. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure (PHEAA Form 600R), that the Lender will provide to me, normally just before the repayment period begins.

I agree to repay this loan over a repayment period that generally lasts at least 5 years but not more than 10 years to commence at the expiration of the grace period. However,

if, during the grace period, I request in writing a repayment period shorter than 5 years the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I (we, if both my spouse and I have Stafford Loan Program (formerly GSLP) or PLUS/SLS Program loans outstanding) pay toward principal and interest at least $600 or the unpaid balance (plus interest), whichever is less, of the total amount owing to all holders of my (our) Stafford Loan Program (formerly GSLP) and PLUS/SLS loans. Any period described under Paragraph VIII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5- and 10-year periods mentioned above. The terms for repayment set forth in this paragraph are not applicable after the Note has been declared in default. Acceptance by the Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of the Lender's other rights as set forth in this Note.

**VIII. DEFERMENT:** I am entitled to deferments under the Higher Education Act of 1965, as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide the Lender with all documentation required to establish my eligibility. I understand that I must notify the Lender when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information contained in the Stafford Loan Application Booklet.

**IX. FORBEARANCE:** Should I experience financial difficulties in meeting the repayment schedule, I may request and the Lender may grant me a short period during which payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

**X. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The Lender will notify me of any such transfer in writing.

**XI. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall be cancelled: (1) upon submission to the Lender of documentation of my death; (2) upon the acceptance by PHEAA of the statement of a qualified physician verifying my total and permanent disability; or (3) upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy.

**XII. DEFAULT:** "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the U.S. Secretary of Education or PHEAA finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments.

If I default on this loan: (1) the Lender may declare the entire unpaid amount of the loan including interest, immediately due and payable; (2) the Lender, holder, or PHEAA may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called NDSL), Stafford Loan (formerly GSL), SLS Loan, PLUS Loan, Income Contingent Loan, or Consolidation Loan; and (4) I will be ineligible for the benefits described in Paragraphs II and VIII of this Note.

**XIII. CREDIT BUREAU NOTIFICATION:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the Lender, holder, or PHEAA will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder, or PHEAA must notify me at least 30 days in advance of information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The Lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XIV. GENERAL:** (1) I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending a participating school. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the Stafford Loan Program (formerly GSLP) and advise PHEAA and the Lender promptly in writing of any changes in my name, address, school enrollment or deferment status. (2) I hereby authorize the Lender to make disbursements by check payable jointly to me and the school where I am enrolled and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, and the Lender will mail the check to the school unless I am attending a school not located in the United States. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 18 years of age.

## STAFFORD LOAN BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

I confirm that this is a loan and must be paid after termination of my enrollment. I authorize the school in which I am enrolled or intend to become enrolled and the Lender to release to PHEAA any records, documents, or other information in the possession of the school or the Lender or any of its officers or agents which relate to my record at their institution or bear upon my eligibility for loan assistance under state and federal laws. I further authorize the school to send directly to my Lender any refund not being used for educational expenses due me from the proceeds of this loan. I further authorize the Lender and PHEAA to use any information on this application for obtaining my address. I hereby authorize PHEAA to disclose information relating to this loan application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. The information may be furnished during the life of the loan to holders and prospective holders of this and other loans made to me under the Stafford Loan Program (formerly GSLP), to schools in which I am enrolled or accepted for enrollment, to contractors which assist PHEAA in the administration of its loan guaranty program, to federal or state agencies or private parties who may be able to provide information necessary for the collection of the loan or to assist in the servicing or collection of the loan. I understand that as a result of this consent, PHEAA will not keep an accounting of disclosures of information regarding the application and loan since this application informs me of the uses which may be made of the information.

I certify that any loan proceeds I obtain as a result of this application will be used solely for educational expenses related to attendance at the school named herein while I am attending on at least a half-time basis, unless I change schools and PHEAA authorizes the use of the loan proceeds at the new school after PHEAA is provided with proper certification of my enrollment as at least a half-time student and continued need for my loan proceeds at the new school. If I do not attend school on at least a half-time basis for the enrollment period as certified by the school for the obtaining of this loan, I understand and confirm that any loan funds not used for educational expenses will be immediately returned to the Lender and that I will be responsible for the payment of interest on such loan funds if not promptly returned. For any portion of the loan funds I use for educational expenses, I understand and confirm that it is a loan that I must repay to the Lender upon expiration of a grace period, the length of which will be specified on the Loan Guaranty Notice and Disclosure Statement, that occurs after termination of my enrollment as at least half-time student at a participating school and that such repayment will be in accordance with published regulations under the Stafford Loan Program (formerly GSLP). I certify that I am not in default on any loan made under the Stafford Loan Program, GSL, Federal SLS, Consolidated Loan Program, or Perkins Loan (formerly NDSL) Loan Programs, and do not owe a refund on a grant received under the Pell Grant, SEOG, SSIG, or Byrd Scholarship Programs. I have read the "Borrower's Rights and Responsibilities" and the civil and criminal penalties for false statement, conspiracy and misrepresentation in the application and Promissory Note.

I understand this loan is without recourse or warranty. I certify that the Loan Guaranty Notice and Disclosure Statement for the approved loan that identifies my loan amount, the fee amounts, and the length of the grace period. I understand that I will receive a denial notice if any loan request is denied. In the event that information contained in the Loan Guaranty Notice conflicts with the information in the Application and Promissory Note, the information in the Loan Guaranty Notice and Disclosure Statement or on the denial notice shall apply.

_____    _____
Date                         Borrower's Signature

**NOTICE TO STUDENT:** BY YOUR SIGNATURE ON THE OTHER SIDE OF THE APPLICATION AND PROMISSORY NOTE, YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.

# PHEAA STAFFORD LOAN APPLICATION

The Pennsylvania Higher Education Assistance Agency — Commonwealth of Pennsylvania
Loan Guaranty Division, 660 Boas Street, Harrisburg, Pennsylvania 17102-1398

Agency Use Only: 91019822   MAR 07 199_

THE PENALTY FOR SUBMISSION OF FRAUDULENT INFORMATION ON THIS FORM MAY BE REPAYMENT OF TRIPLE ANY AMOUNT OF MONEY RECEIVED PLUS A FINE AND/OR IMPRISONMENT

## STUDENT INFORMATION — PRESS FIRMLY WITH BALL POINT PEN — READ INSTRUCTIONS BEFORE COMPLETING

1. Student's Social Security Number: 210 66 7951
2. Student's First Name: Henry   M.I.: C   Last Name: Ferguson
3. Student's Birthdate: Month 08 Day 27 Year 69
4. Permanent Home Address: 5458 Arlington St.   Apt. No.: 
5. Area Code-Phone No. for Item 4: 215 877-1392
   City: Philadelphia   State: PA   Zip Code: 19131
6. County Code: 51
7. Driver's License State: ___ No.: ___
8. Student's State of Permanent Residence: (a) State: PA   (b) Since: Month 04 Year 87
9. Student's Citizenship Status: ✓ (a) U.S. Citizen/National
10A. Major Course of Study Code: 06
10B. Expected Date of Completion of Program: Month 05 Year 92
13. Are you currently in default on a student loan or a PLUS loan? ☐ Yes ✓ No
14. Period of Enrollment Covered by this Loan Application: Beginning 01/91 Ending 05/91
15. Loan Amount Requested: $1700.00
16A. Total unpaid balance of all your Stafford Loans (GSL's): $00,000.00
16B. Total unpaid balance of all your PLUS/SLS loans: $00,000.00
16C. Do you have Stafford Loans (GSL's) through an AGENCY OTHER THAN PHEAA? ☐ Yes ✓ No

17. References:
| Name | Street, City, State, Zip | Area Code/Phone No. |
|---|---|---|
| Shelia Warner | 5114 Chester Ave. Phil PA 19143 | 215-729-6382 |
| Walter Howard | 5542 Bal Mar Terrace Phil PA | 215-729-4205 |

18. Name of College or School:
   School Code: 012061   School Name: Temple University   School Division or Campus: Main Campus   City or Town: Philadelphia

19. Student's Statement of Registration Status:
   B. ✓ I certify that I am registered with Selective Service.

20A. ✓ Yes ☐ No — Do you want PHEAA to send you information about the Student Loan Consolidation Program...

## Promissory Note for a Stafford Loan

I. PROMISE TO PAY: I, the undersigned (the student borrower), identified in Item 2 of the Application, for value received, promise to pay to the order of the Lender or to a subsequent holder the principal sum equal to the Loan Amount Requested in Item 15 of the Application, which is hereby incorporated by reference in this Promissory Note, or any such lesser amount which is advanced to me and identified in the Loan Guaranty Notice and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph V. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE LOAN GUARANTY NOTICE AND CLOSURE STATEMENT, AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF. MY SIGNATURE CERTIFIES THAT I HAVE READ, UNDERSTOOD, AND AGREE TO THE CONDITIONS AND AUTHORIZATIONS STATED IN THE STAFFORD LOAN BORROWER CERTIFICATION PRINTED ON THE REVERSE SIDE.

SIGN HERE ➤  Henry Ferguson   Today's Date: 03/01/__
21. Student Borrower's Signature

Lender Name and Address: B08903
Mellon Bank (East) PSFS N.A.
P.O. Box 8130
Harrisburg, PA 17105

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side. Detach and Keep Copy C. Send Copies A and B to your lender at the address shown to the left.

PHEAA FORM F200, 1/91   Lender Original — Copy A

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STAFFORD LOAN

**II. INTEREST:** (1) I agree to pay an amount equivalent to simple interest [as specified in (4) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program (formerly GSLP). In the event that the interest on this loan is payable by the Secretary, neither the Lender nor the holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan; except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment, Paragraph VIII, in this Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan (formerly GSL) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loans (formerly GSL's). (b) If I have no outstanding Stafford Loans (formerly GSL's) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) loans made for enrollment period(s) beginning before July 1, 1988, or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (c) If I have no outstanding balance on any Stafford Loan (formerly GSL), PLUS, or SLS loan(s) made for enrollment period(s) beginning before July 1, 1988 or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment period and will be 10% beginning with the fifth year of my repayment period. (5) The applicable interest rate (a) until the end of the fourth year of my repayment period, and (b) beginning with the fifth year of my repayment period, will be identified on the Loan Guaranty Notice and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10% (7) The Lender or other holder of this Note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with PHEAA's policies.

**III. DATE NOTE COMES DUE:** I will repay this loan. (1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or (2) in full immediately if I fail to enroll in and attend the school which certifies my application for the academic period intended or if I am otherwise determined to be ineligible for this loan (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at least one-half the normal full-time academic work load required by a school approved by the U.S. Secretary of Education for participation in the Stafford Loan Program (formerly GSLP). The Loan Guaranty Notice and Disclosure Statement will identify the length of my grace period. During the grace period, I may request in writing that the grace period be shortened and the repayment period begin earlier.

**IV. ORIGINATION FEE AND INSURANCE PREMIUM:** I will pay to the Lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. I will also pay the Lender an amount equal to the insurance premium that the Lender is required to pay to PHEAA for this loan. The Lender will deduct the origination fee and insurance premium proportionately from each disbursement of principal of this loan. The amount of the origination fee and insurance premium will be disclosed to me on the Loan Guaranty Notice and Disclosure Statement.

**V. LATE CHARGES AND COLLECTION COSTS:** I agree to pay the following amounts if delinquent in making payments when due or if this Note is declared in default: (1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the Lender within 10 days after it is due, unless documentation is provided of eligibility to have the payment deferred as described under Paragraph VIII in this Note. (2) Reasonable collection costs incurred by the Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls. (3) Collection costs which do not exceed 25% of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VI. PREPAYMENT:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest I have paid.

**VII. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure (PHEAA Form 500R), that the Lender will provide to me, normally just before the repayment period begins.

I agree to repay this loan over a repayment period that generally lasts at least 5 years but not more than 10 years to commence at the expiration of the grace period. However, if, during the grace period, I request in writing a repayment period shorter than 5 years, the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 5 years. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I [we, if my spouse and I have Stafford Loan Program (formerly GSLP), PLUS, SLS, and Consolidation loans outstanding] pay toward principal and interest at least $600 or the unpaid balance (plus interest), whichever is less, of the total amount owing to all holders of (our) Stafford Loan Program (formerly GSLP), PLUS, SLS, and Consolidation loans. period described under Paragraph VIII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5- and 10-year periods mentioned above. The terms for repayment set forth in this paragraph are not applicable after the Note has been declared in default. Acceptance by the Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid shall not constitute a waiver of any of the Lender's other rights as set forth in this Note.

**VIII. DEFERMENT:** I am entitled to deferments under the Higher Education Act of 1965 as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide the Lender with all documentation required to establish my eligibility. I understand that I must notify the Lender when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information contained in the Stafford Loan Application Booklet.

**IX. FORBEARANCE:** Should I experience financial difficulties in meeting the repayment schedule, I may request and the Lender may grant me a short period during which payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

**X. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The Lender will notify me of any such transfer in writing.

**XI. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall cancelled. (1) upon submission to the Lender of documentation of my death; (2) upon acceptance by PHEAA of the statement of a qualified physician verifying my total permanent disability; or (3) upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy.

**XII. DEFAULT:** "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the U.S. Secretary of Education or PHEAA finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments.

If I default on this loan: (1) the Lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) the Lender, holder, or PHEAA may disclose to schools I have attended (or am currently attending) information about my default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called NDSL), Stafford Loan (formerly GSL), SLS Loan, PLUS Loan, Income Contingent Loan, or Consolidation Loan; and (4) I will be ineligible for the benefits described in Paragraphs II and VIII of this Note.

**XIII. CREDIT BUREAU NOTIFICATION:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the Lender, holder, or PHEAA will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder, or PHEAA must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The Lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XIV. GENERAL:** (1) I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending a participating school. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the Stafford Loan Program (formerly GSLP) and advise PHEAA and the Lender promptly in writing of any changes in my name, address, school enrollment or deferment status. (2) I hereby authorize the Lender to make disbursements by check payable jointly to me and the school where I am enrolled and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, and the Lender will mail the check to the school unless I am attending a school not located in the United States. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 18 years of age.

## STAFFORD LOAN BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

I confirm that this is a loan and must be paid after termination of my enrollment. I authorize the school in which I am enrolled or intend to become enrolled and the Lender to release to PHEAA any records, documents, or other information in the possession of the school or the Lender or any of its officers or agents which relate to my record at their institution or bear upon my eligibility for loan assistance under state and federal laws. I further authorize the school to send directly to my Lender any refund not being used for educational expenses due me from the proceeds of this loan. I further authorize the Lender and PHEAA to use any information on this application for obtaining my address. I hereby authorize PHEAA to disclose information relating to this loan application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer or collection of the loan. The information may be furnished during the life of the loan to holders and prospective holders of this and other loans made to me under the Stafford Loan Program (formerly GSLP) to schools in which I am enrolled or accepted for enrollment, to contractors which assist PHEAA in the administration of its loan guaranty program to federal or state agencies or private parties who may be able to provide information necessary for the collection of the loan or to assist in the servicing or collection of the loan. I understand that as a result of this consent, PHEAA will not keep an accounting of disclosures of information regarding the application and loan since this application informs me of the uses which may be made of the information.

I certify that any loan proceeds I obtain as a result of this application will be used solely for educational expenses related to attendance at the school named herein while I am attending on at least a half-time basis, unless I change schools and PHEAA authorizes the use of the loan proceeds at the new school after PHEAA is provided with proper certification of my enrollment as at least a half-time student and continued need for my loan proceeds at the new school. If I do not attend school on at least a half-time basis for the enrollment period as certified by the school for the obtaining of this loan, I understand and confirm that any loan funds not used for educational expenses will be immediately returned to the Lender and that I will be responsible for payment of interest on such loan funds if not promptly returned. For any portion of the funds I use for education expenses [...] upon expiration of the grace period, the length of which will be disclosed to me by the Lender upon [...] and Disclosure Statement [...] half-time student at a participating school and no longer receive a [...] will be in accordance with the [...] established for the Stafford Loan Program (formerly GSLP). I certify that I am not in default [...] on any Stafford Loan (formerly GSL), PLUS/SLS [...] Loan Programs and do not owe [...] have read and understood the "Statement of Borrower's Rights and Responsibilities" and the civil and criminal penalties for fraud, false statements [...] in the application instruction booklet. [...] receive a Loan Guaranty Notice and Disclosure Statement for any loan [...] identifies [...] of the grace [...] and I will receive [...] for which PHEAA determines I am ineligible. I understand and agree that if the information on the Loan Guaranty Notice and Disclosure Statement or the denial notice conflicts with the information on the Application and Promissory Note, the information on the Loan Guaranty Notice and Disclosure Statement, or on the denial notice applies.

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THE APPLICATION AND PROMISSORY NOTE, YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.

# PHEAA STAFFORD LOAN APPLICATION

The Pennsylvania Higher Education Assistance Agency — Commonwealth of Pennsylvania
Loan Guaranty Division, 660 Boas Street, Harrisburg, Pennsylvania 17102-1398

`91138062`   `AUG 28`

THE PENALTY FOR SUBMISSION OF FRAUDULENT INFORMATION ON THIS FORM MAY BE REPAYMENT OF TRIPLE ANY AMOUNT OF MONEY RECEIVED PLUS A FINE AND/OR IMPRISONMENT

## STUDENT INFORMATION — READ INSTRUCTIONS BEFORE COMPLETING

1. Student's Social Security Number: 210 66 7951
2. Student's First Name: Henry   M.I.: C   Last Name: Ferguson   407836
3. Student's Birthdate: Month 08 Day 27 Year 69
4. Permanent Home Address: 5458 Arlington St   Apt. No.:
5. Area Code-Phone No. for Item 4: 215 729 4205
   City: Philadelphia   State: PA   Zip Code: 19143
6. County Code: 51
7. Driver's License State: PA   No.:
8. Student's State of Permanent Residence: (a) State: PA  (b) Since: Month 04 Year 8
9. Student's Citizenship Status: ☑ (a) U.S. Citizen/National
10A. Major Course of Study Code: 06
10B. Expected Date of Completion of Program: Month 09 Year 92
13. Are you currently in default on a student loan or a PLUS loan? ☑ No
14. Period of Enrollment Covered by this Loan Application: Beginning 09/91  Ending 08/92
15. Loan Amount Requested: $4000
16A. Total unpaid balance of all your Stafford Loans (GSL's): $4000.00
16B. Total unpaid balance of all your PLUS/SLS loans:
16C. Do you have Stafford Loans (GSL's) through an AGENCY OTHER THAN PHEAA? ☑ No

17. References:
    - Dolores Butler, 5459 Arlington St Phil PA 19131, 215-877-13
    - Shelia Warren, 5114 Chester Ave. Phil PA 19143, 215-729-63

18. School Code: 012073  School Name: Temple University  School Division: Main  City: Phil.

19. Student's Statement of Registration Status:
    B. ☑ I certify that I am registered with Selective Service.

20A. ☑ Yes  Do you want PHEAA to send you information about the Student Loan Consolidation Program

## Promissory Note for a Stafford Loan

I. PROMISE TO PAY: I, the undersigned (the student borrower), identified in Item 2 of the Application, for value received, promise to pay to the order of the Lender or to a subsequent holder the principal sum equal to the Loan Amount Requested in Item 15 of the Application, which is hereby incorporated by reference in this Promissory Note, or any such lesser amount which is advanced to me and identified to me in the Loan Guaranty Notice and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph V. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO A COPY OF THIS PROMISSORY NOTE, THE LOAN GUARANTY NOTICE, CLOSURE STATEMENT, AND ANY AGREEMENT I SIGN. BY SIGNING THIS SORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY MY SIGNATURE CERTIFIES THAT I HAVE READ, UNDERSTOOD, AND AG THE CONDITIONS AND AUTHORIZATIONS STATED IN THE STAFFORD LC ROWER CERTIFICATION PRINTED ON THE REVERSE SIDE.

SIGN HERE: Henry C. Ferguson   Today's 08/2

Lender Name and Address: Mellon Bank, PO Box 8130, Harrisburg, PA 17105

NOTICE TO STUDENT:
Terms of the Promissory Note continue on the reverse
Detach and Keep Copy C.
Send Copies A and B to your lender at the address show left.

PHEAA FORM F200, 1/91   Lender Original — Copy A

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STAFFORD LOAN

**I. INTEREST:** (1) I agree to pay an amount equivalent to simple interest (as specified) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period during any deferment. If it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program (formerly GSLP). In the event that the interest on this loan is payable by the Secretary, neither the Lender nor holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan; except that, if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment, Paragraph VIII, in this Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan (formerly GSL) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loans (formerly GSL's). (b) If I have no outstanding Stafford Loans (formerly GSL's) but do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) loans made for enrollment period(s) beginning before July 1, 1988, or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (c) If I have no outstanding balance on any Stafford Loan (formerly GSL), PLUS, or SLS loan(s) made for enrollment period(s) beginning before July 1, 1988 or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment period and will be 10% beginning with the fifth year of my repayment period. (5) The applicable interest rate (a) until the end of the fourth year of my repayment period, and (b) beginning with the fifth year of my repayment period, will be identified on the Loan Guaranty Notice and Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The Lender or other holder of this Note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with PHEAA's policies.

**II. WHEN THE NOTE COMES DUE:** I will repay this loan: (1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or (2) in full immediately if I fail to enroll in and attend the school which certifies my application for the academic period intended or if I am otherwise determined to be ineligible for this loan (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at least one-half the normal full-time academic work load required by a school approved by the U.S. Secretary of Education for participation in the Stafford Loan Program (formerly GSLP). The Loan Guaranty Notice and Disclosure Statement will identify the length of my grace period. During the grace period, I may request in writing that the grace period be shortened and the repayment period begin earlier.

**IV. ORIGINATION FEE AND INSURANCE PREMIUM:** I will pay to the Lender an origination fee, not to exceed the percentage of the loan amount that is authorized by Federal law. I will also pay the Lender an amount equal to the insurance premium that the Lender is required to pay to PHEAA for this loan. The Lender will deduct the origination fee and insurance premium proportionately from each disbursement of principal of this loan. The amount of the origination fee and insurance premium will be disclosed to me on the Loan Guaranty Notice and Disclosure Statement.

**V. LATE CHARGES AND COLLECTION COSTS:** I agree to pay the following amounts if I am delinquent in making payments when due or if this Note is declared in default: (1) A late charge not to exceed 6 cents for each dollar of any installment payment not received by the Lender within 10 days after it is due; unless documentation is provided of eligibility to have the payment deferred as described under Paragraph VIII in this Note. (2) Reasonable costs incurred by the Lender in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and costs of telegrams and long-distance telephone calls. (3) Collection costs which do not exceed 25% of the unpaid principal and accrued interest if this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act.

**VI. PREPAYMENT:** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a refund of any unearned interest I have paid.

**VII. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment disclosure (PHEAA Form DR), that the Lender will provide to me, normally just before the repayment period begins.
I agree to repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years to commence at the expiration of the grace period. However, if, during the grace period, I request in writing a repayment period shorter than 5 years, the Lender may grant me a shorter period. I may later choose to have the repayment period extended to 10 years. The Lender may require a repayment period shorter than 5 years if that is necessary to ensure that during each year of the repayment period I (we, if my spouse and I have Stafford Loan Program (formerly GSLP), PLUS, SLS, and Consolidation loans outstanding) pay toward principal and interest at least $600 or the unpaid balance (plus interest), whichever is less, of the total amount owing to all holders of (our) Stafford Loan Program (formerly GSLP), PLUS, SLS, and Consolidation loans. The period described under Paragraph VIII in this Note or any period for which the Lender has granted forbearance will not be included in determining the 5- and 10-year periods mentioned above. The terms for repayment set forth in this paragraph are not applicable after the Note has been declared in default. Acceptance by the Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of the Lender's other rights as set forth in this Note.

**VIII. DEFERMENT:** I am entitled to deferments under the Higher Education Act of 1965 as amended, and its regulations. In order to receive a deferment, I must request the deferment and provide the Lender with all documentation required to establish my eligibility. I understand that I must notify the Lender when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information contained in the Stafford Loan Application Booklet.

**IX. FORBEARANCE:** Should I experience financial difficulties in meeting the repayment schedule, I may request and the Lender may grant me a short period during which payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

**X. TRANSFER OF NOTE:** This Note may be transferred to a holder other than the Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth here. This Note is not intended to be a negotiable instrument, and a subsequent holder of the Note cannot be a holder in due course. The Lender will notify me of any such transfer in writing.

**XI. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall be cancelled: (1) upon submission to the Lender of documentation of my death; (2) upon the acceptance by PHEAA of the statement of a qualified physician verifying my total and permanent disability; or (3) upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy.

**XII. DEFAULT:** "Default" means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the U.S. Secretary of Education or PHEAA finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments.
If I default on this loan: (1) the Lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) the Lender, holder, or PHEAA may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called NDSL), Stafford Loan (formerly GSL), SLS Loan, PLUS Loan, Income Contingent Loan, or Consolidation Loan; and (4) I will be ineligible for the benefits described in Paragraphs II and VIII of this Note.

**XIII. CREDIT BUREAU NOTIFICATION:** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the Lender, holder, or PHEAA will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder, or PHEAA must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days. The Lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

**XIV. GENERAL:** (1) I agree to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by me in attending a participating school. I further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the Stafford Loan Program (formerly GSLP) and advise PHEAA and the Lender promptly in writing of any changes in my name, address, school enrollment, or deferment status. (2) I hereby authorize the Lender to make disbursements by check payable jointly to me and the school where I am enrolled and to obtain information concerning my enrollment status and address from the school in which I am enrolled. The loan check will require my endorsement, and the Lender will mail the check to the school unless I am attending a school not located in the United States. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 18 years of age.

## STAFFORD LOAN BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I, the borrower, certify that the information contained in this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

I confirm that this is a loan and must be paid after termination of my enrollment. I authorize the school in which I am enrolled or intend to become enrolled and the Lender to release to PHEAA any records, documents, or other information in the possession of the school, the Lender or any of its officers or agents which relate to my record at their institution or bear upon my eligibility for loan assistance under state and federal laws. I further authorize the school to send directly to my Lender any refund not being used for educational or other expenses due me from the proceeds of this loan. I further authorize the Lender and PHEAA to use any information on this application for obtaining my address. I hereby authorize PHEAA to disclose information relating to this loan application and the loan based upon this application whenever the disclosure of the information is necessary for the processing of this application or the servicing, transfer, or collection of the loan. The information may be furnished during the life of the loan to holders and prospective holders of this and other loans made to me under the Stafford Loan Program (formerly GSLP), schools in which I am enrolled or accepted for enrollment, to contractors which assist PHEAA in the administration of its loan guaranty program, to federal or state agencies or other parties who may be able to provide information necessary for the collection of the loan or to assist in the servicing or collection of the loan. I understand that as a result of this consent, PHEAA will not keep an accounting of disclosures of information on the application and loan since this application informs me of the uses which may be made of the information.

I certify that any loan proceeds I obtain as a result of this application will be used solely for tuition and expenses related to attendance at the school named herein while I am attending on at least a half-time basis, unless I change schools and PHEAA authorizes the use of the loan proceeds at the new school after PHEAA is provided with proper certification of my enrollment as at least a half-time student and continued need for my loan proceeds at the new school. If I do not attend school on at least a half-time basis for the enrollment period as certified by the school for the obtaining of this loan, I understand and confirm that any loan funds not used for educational expenses will be immediately returned to the Lender and that I will be responsible for the payment of interest on such loan funds if not promptly returned. For any portion of the loan that I use for educational expenses, I understand and confirm that it is a loan I must repay to the Lender upon expiration of a grace period, the length of which will be stated in the Loan Guaranty Notice and Disclosure Statement, that occurs after termination of my enrollment at at least a half-time student at a participating school, and that I must repay in accordance with the terms and regulations of the Stafford Loan Program (formerly GSLP). I certify that I am not in default on a Stafford Loan (formerly GSL), PLUS/SLS, Consolidation, Income Contingent, or Perkins (formerly NDSL) Loan Program, and do not owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant, or Byrd Scholarship Program. I have read and understand the Statement of Borrower's Rights and Responsibilities. I will be subject to criminal penalties for fraud, false statement, or forgery contained in the application instruction booklet.

I understand that I will receive a Loan Guaranty Notice and Disclosure Statement for any approved loan amount in an amount not to exceed loan amounts, and the length of the grace period determined by the Lender. I have received a denial notice for any loan not approved. I understand and agree that the information on the Disclosure Statement and Loan Guaranty Notice and Disclosure Statement or the denial notice consists with the information on the Application and Promissory Note. The information on the Loan Guaranty Notice and Disclosure Statement or on the denial notice applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THE APPLICATION AND PROMISSORY NOTE, YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATIONS.**

(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**0-06164**

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
HENRY FERGUSON

**CIV-LENARD**
**MAGISTRATE JUDGE TURNOFF**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B. Broward/000v4164/Lenard/wct

**NIGHT BOX FILED  FEB 1 2000**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT
99 N.E. 4th Street suite 300
Miami, FL 33132-2111 (305)961-9311

ATTORNEYS (IF KNOWN)
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | **A PROPERTY RIGHTS** | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | B[ ] 640 R R & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [X] 151 Medicare Act | | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans Excl. Veterans | [ ] 340 Marine / **PERSONAL PROPERTY** | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | B[ ] 530 General | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | | A[ ] 535 Death Penalty | | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | B[ ] 540 Mandamus & Other | A[ ] 870 Taxes (U S Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | B[ ] 550 Civil Rights | A[ ] 871 IRS - Third Party 26 USC 7609 | A OR B |
| | | B[ ] 555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARNATOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $11,918.46
plus interest and costs

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/30/00

SIGNATURE OF ATTORNEY OF RECORD
Mary F. Dooley

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____